IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

COURTNEY GREEN                                                                                    PLAINTIFF

V.                                                               CIVIL ACTION NO. 1:13-CV-00234-SA-DAS

POLYESTER FIBERS, LLC
                                                                                                  DEFENDANT

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Defendant filed this Motion to Dismiss [8] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the Court finds the Plaintiff has alleged a plausible claim for relief. Accordingly, that motion is DENIED.

*Facts and Procedural History*

Courtney Green brought this action to recover for injuries he sustained during a workplace accident on the premises of Tupelo Fibers, a subsidiary of the Defendant, Polyester Fibers, LLC ("Polyester"). Green's arm was pulled into a garnett machine, which caused him significant and permanent harm. At the time, Green's primary employer was Snelling Staffing, LLC ("Snelling"), a temporary employment agency, which had assigned Green to help clean at Tupelo Fibers.

Following Green's complaint, Polyester filed the pending motion to dismiss. The critical dispute concerns the legal relationship between Polyester and Green. Polyester urges that Green is precluded from recovering as either its borrowed (or loaned) servant under Mississippi Code Section 71-3-9, or as its independent contractor under Section 11-1-66. The Court will take each argument in turn.

*Rule 12(b)(6) Standard*

A defendant's 12(b)(6) motion to dismiss is "viewed with disfavor and [is] rarely granted." Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 233 (5th Cir. 2009) (quoting Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005)). To survive, the complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). This means it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In making the plausibility determination, the Court accepts the factual contentions as true, drawing "all reasonable inferences in the plaintiff's favor." Lormand, 565 F.3d at 232 (citations omitted). The court is not, however, bound to the plaintiff's bare legal conclusions. Twombly, 550 U.S. at 555, 127 S. Ct. 1955 (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

Within this framework, an otherwise plausible claim to relief can still fail if it contains a "built-in-defense" so that the complaint is "essentially self-defeating." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004). In other words, a court may dismiss under Rule 12(b)(6) "[w]hen a successful affirmative defense appears on the face of the pleadings . . . ." Miller v. BAC Home Loans Servicing L.P., 726 F.3d 717, 725-26 (5th Cir. 2013) (quoting Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994)). This type of dismissal is routine practice within the context of statutes of limitations, see e.g., Newman v. Coffin, 464 F. App'x 359, 362-63 (5th Cir. 2012), and qualified immunity. See e.g., Rios v. City of Del Rio, Tex. 444 F.3d 417, 423-27 (5th Cir.

2006). This Court has even dismissed under 12(b)(6) based on worker's compensation immunity. Whitehead v. Zurich Am. Ins. Co., 296 F. Supp. 2d 705, 708 (N.D. Miss. 2002) aff'd, 348 F.3d 478 (5th Cir. 2003). Nonetheless, the dismissal is premature unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema, 534 U.S. 506, 507, 122 S. Ct. 922, 152 L. Ed. 2d 1 (2002).

*Discussion*

Employee Status

Polyester first argues that Green was its employee, and thus his sole remedy falls under the Mississippi Worker's Compensation Act. Notably, the parties agree that Snelling was Green's primary employer during the accident. However, under the "borrowed servant" doctrine, an employee may have two employers, making them both immune from common law actions. N. Elec. Co. v. Phillips, 660 So. 2d 1278, 1282 (Miss. 1995).

Polyester's immunity claim will fail, though, if Green is classified as an independent contractor. Distinguishing a borrowed servant from an independent contractor is a question that "has perplexed [courts] for decades." Jones v. James Reeves Contractors, Inc., 701 So. 2d 774, 777 (Miss. 1997). Fortunately, to aid in this determination, three factors have emerged from the Mississippi Supreme Court: "(1) whose work is being performed; (2) who has the right to control the worker in his duties on the job; and (3) the existence of an employment contract between the employee and the special employer whether actual or implied." Patton-Tully Transp. Co. v. Douglas, 761 So. 2d 835, 839-40 (Miss. 2000) (quoting Jones, 701 So. 2d at 779). In making this determination, the focus is not on the borrower-lender relationship, but that of the special employer and employee. Id. at 840.

As to the first factor, Green alleges that Snelling, his primary employer, assigned him to work for Polyester Fibers as part of its temporary labor service. Based on that allegation, prior

3

Mississippi cases suggest that the work being performed was Polyester's. Baldwin v. Kelly Servs., 121 So. 3d 275, 277-78 (Miss. Ct. App. 2013) (finding that a temporary agency's employee was performing the special employer's work, based on the summary judgment record); see also Turner v. Entergy Miss. Inc., 139 So. 3d 115 (Miss. Ct. App. 2014) (affirming trial court's grant of summary judgment because the temporary agency's employee was a borrowed servant). Those decisions, however, were based on actual evidence, which is not before this Court.

Further, even if the complaint conclusively established that Green was doing Polyester's work, the next two factors are incapable of resolution at this early stage. Green alleges that Polyester owned and controlled the premises, as well as the equipment and machinery on site. He also alleges that Polyester's agents asked him to perform a task in close proximity to the garnett machine. But control of the premises does not equate to control of the worker. See McSwain v. Sys. Energy Res., Inc., 97 So. 3d 102, 107 (Miss. Ct. App. 2012) (holding that a carpenter working temporarily at a nuclear power plant was not its employee). And specific directions can be "in the nature of cooperation and not subordination[.]" Jones, 701 So. 2d at 781-82 (explaining that receiving instructions about digging a hole did not constitute right of control). In addition, the complaint makes no mention of an express or implied contract between Polyester and Green. Many factual questions remain.

While the borrowed-servant determination may often be a question of law, Taylor v. Kay Lease Serv., Inc., 761 F.2d 1107, 1109 (5th Cir. 1985), it cannot be made irrespective of the evidence. See Baldwin, 121 So. 3d at 278 (holding a worker was a borrowed servant "based on our analysis of the record"). It would therefore be premature, at the pleading stage, to conclude that Green was Polyester's borrowed servant.

Independent Contractor Defense

Polyester alternately argues that Green, if not its employee, was its independent contractor's employee. This, Polyester contends, would provide a defense under a different statutory provision, Mississippi Code Section 11-1-66. In making this argument, Polyester urges that Green was *necessarily* either Polyester's employee or its independent contractor because "[t]here is no middle ground." This unsupported statement of Mississippi law, however, is anything but clear. Compare McSwain, 97 So. 3d at 108 (distinguishing independent contractor from business-invitee, not from employee), with Turner, 139 So. 3d at 117 ("[A]n employee working under two employers is not classified as a business invitee for purposes of common-law immunity . . . [but rather] as a dual employee . . . .")

And perhaps more importantly, even if Green was Polyester's independent contractor's employee, the statute would only bar recovery if the danger was one "of which [Green] knew or reasonably should have known." MISS. CODE ANN. § 11-1-66 (1972). But here, Green plainly alleges the opposite—that Polyester created the hazardous condition, that the danger was concealed from his view, and that he had little experience with a garnett machine. These alleged facts, if proven, could defeat Polyester's independent contractor defense.

*Conclusion*

Because Green's complaint does not conclusively establish either of Polyester's defenses, his claim for relief is plausible. Accordingly, the Court DENIES Defendant's Motion to Dismiss [8].

SO ORDERED, this 15th day of September, 2014.

/s/ Sharion Aycock\
**U.S. DISTRICT JUDGE**