IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**COURTNEY GREEN**                                            **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO: 1:13cv234-SA-DAS**

**POLYESTER FIBERS, LLC**                                  **DEFENDANT**

**ORDER**

This matter is before the court on defendant's motion (#131) and seeks to strike plaintiff's supplementation of Dr. Missun's expert designation. Having considered the motion, the court finds that it should be denied for the reasons that follow.

**I. BACKGROUND**

According to the original case management order for this action, plaintiff's expert witness designations were due on March 3rd, 2015. However, on plaintiff's motion, the court extended the designation deadline to June 1st, 2015. On that date, plaintiff filed Dr. Missun's initial designation and sent defendant a copy of his report. Two days later, on June 3rd, plaintiff supplemented Dr. Missun's expert designation by adding a Vocational Economic Assessment ("VEA"). In its motion, defendant argues the VEA should be stricken because it was filed outside of the case management deadline.

**II. LEGAL STANDARD**

Pursuant to the Federal Rules of Civil Procedure, "a party must disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[1] Additionally, if the expert has been retained by a party to offer expert testimony in the

---

[1] Fed. R. Civ. P. 26(a)(2)(A).

case, the witness is required to provide a written report.[2]  A party must make these disclosures at the time the court orders,[3] and in this district, they must be made "no later than the time specified in the case management order by serving the disclosure on all counsel of record and concomitantly filing a Notice of Service of Expert Disclosure with the court."[4]

When reviewing a motion to strike untimely supplemental expert testimony, the Fifth Circuit requires courts in this district to consider the following factors: (1) the importance of the witness' testimony; (2) the explanation for the party's failure to comply with the discovery order; (3) the prejudice to the opposing party of allowing the testimony; and (4) the possibility of curing such prejudice by a continuance."[5]  Courts, however, have "routinely rejected untimely 'supplemental' expert testimony where the opinions are based on information available prior to the deadline for expert disclosures."[6]

### III. ANALYSIS

The first factor favors plaintiff.  According to plaintiff's response, the VEA concerns plaintiff's loss of capacity to perform work and earn money as a result of his disability.  As such, Dr. Missun's supplemental opinions will be very important on the issue of past and future damages.  Notably, defendant's argument does not appear to address the subject matter contained within the supplemental VEA.  Rather, defendant states Dr. Missun's VEA is not important because Mississippi law does not require physician testimony to prove the necessity and reasonableness of medical expenses.

---

[2] *Id.* at 26(a)(2)(B).
[3] *Id.* at 26(a)(2)(D).
[4] Local Uniform Civil Rule 26(a)(2).
[5] *See Robinson v. Nationwide Mut. Fire Ins. Co.*, 2012 WL 5879437, at *1 (N.D. Miss. 2012) (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007)).
[6] *Robinson*, 2012 WL 5879437, at *1 (citing *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996)).

The second factor is the explanation for failing to comply with the discovery order. Candidly, plaintiff states the VEA was accidentally omitted when he filed Dr. Missun's expert designation. The omission was quickly rectified, however, because the VEA was filed only two days later. Since the failure to comply stems from an administrative oversight, the court finds this factor favors neither party.

The third and fourth factors are prejudice to the defendant and the ability to cure any prejudice with a continuance, respectively. Because the VEA was filed merely two days after the designation deadline, the court finds that the prejudice to defendant, if any, is nominal. Consequently, the risk of having to continue this action for issues arising from Dr. Missun's supplemental opinions is very low. Therefore, factors three and four weigh in favor of plaintiff.

## IV. CONCLUSION

Having considered the matter, the court holds that the *Betzel* factors weigh heavily against defendant's motion to strike. The VEA is important to plaintiff's case because it concerns past and future damages. Although Dr. Missun's VEA was filed outside of the deadline, it was only just. The court is not persuaded that defendant suffered any prejudice by receiving the VEA two days later than it was due. Furthermore, plaintiff intended for the VEA to be included in his initial filing and was omitted by accident.

THEREFORE, IT IS HEREBY ORDERED THAT defendant's motion to strike is denied.

SO ORDERED this, the 14th day of September, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE