# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**COURTNEY GREEN**                                                  **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO: 1:13cv234-SA-DAS**

**POLYESTER FIBERS, LLC**                                     **DEFENDANT**

## ORDER

This matter is before the court on defendant's motion (#131) and seeks to strike Dr. Benedict's supplemental expert report. Having considered the motion, along with plaintiff's response, the court finds that it should be denied for the reasons that follow.

## I. BACKGROUND

According to the original case management order for this action, plaintiff's expert witness designations were due on March 3rd, 2015. However, on plaintiff's motion, the court extended the designation deadline to June 1st, 2015. On that date, plaintiff filed Dr. Benedict's initial designation and sent defendant a copy of his report. Nearly two months later, plaintiff served defendant with Dr. Benedict's supplemental report on July 31st, 2015, prompting the motion currently before the court. Essentially, defendant argues that plaintiff's supplemental expert report should be stricken because it constitutes an expert designation outside of the designation deadline.

## II. LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, "a party must disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[1] Additionally, if the expert has been retained by a party to offer expert testimony in the case, the witness is required to provide a written report.[2] A party must make these disclosures at the time the court orders,[3] and in this district, they must be made "no later than the time specified in the case management order by serving the disclosure on all counsel of record and concomitantly filing a Notice of Service of Expert Disclosure with the court."[4]

When reviewing a motion to strike untimely supplemental expert testimony, the Fifth Circuit requires courts in this district to consider the following factors: (1) the importance of the witness' testimony; (2) the explanation for the party's failure to comply with the discovery order; (3) the prejudice to the opposing party of allowing the testimony; and (4) the possibility of curing such prejudice by a continuance."[5] Courts, however, have "routinely rejected untimely 'supplemental' expert testimony where the opinions are based on information available prior to the deadline for expert disclosures."[6]

## III. ANALYSIS

The first factor favors plaintiff. Notably, defendant's argument with respect to this factor is entirely off topic, as it cites a Mississippi statute concerning whether physicians are required to prove the necessity and reasonableness of medical expenses. On the other hand, plaintiff argues that the supplemental expert report opines on an issue crucial to the underlying action: the most

---

[1] Fed. R. Civ. P. 26(a)(2)(A).
[2] *Id*. at 26(a)(2)(B).
[3] *Id*. at 26(a)(2)(D).
[4] Local Uniform Civil Rule 26(a)(2).
[5] *See Robinson v. Nationwide Mut. Fire Ins. Co.*, 2012 WL 5879437, at *1 (N.D. Miss. 2012) (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007)).
[6] *Robinson*, 2012 WL 5879437, at *1 (citing *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996)).

likely point of access to the machine.  As there are also allegations regarding previously undisclosed post-accident changes to the barrier surrounding the machine, as well as plaintiff's pending spoliation of evidence motion concerning the same, the supplemental expert report could prove very important to the prosecution of plaintiff's case.

The second factor is the explanation for failing to comply with the discovery order. Defendant argues that plaintiff was in possession of all the material upon which the supplemental report is based prior to the designation deadline.  Thus, defendant frames this issue as not involving a supplemental report, but rather is simply an attempt to extend the designation deadline.  On the other hand, plaintiff attributes the necessity of having to supplement his expert's original report to the defendant.

As was previously mentioned, a critical issue in the underlying action concerns the most likely point of plaintiff's access to the machine.  Although defendant's experts believe plaintiff accessed the machine by crawling through a small opening in the perimeter barrier, plaintiff's expert has determined the most likely access point to be a door in the perimeter barrier.  Based on his expert's position, plaintiff asked Mr. Hartsoe during a Rule 30(6)(b) deposition whether any material changes had been made to the perimeter barrier since the accident, to which he responded in the negative.  However, plaintiff's expert has since determined this representation may be false.[7]  Along with the deposition transcript, plaintiff received photographs taken by Hartsoe immediately after the accident which show, among other things, an interlock device around the perimeter barrier and another functional entry door.  However, pictures taken by OSHA the very next day show that the interlock device had been replaced and the other entry door had been welded shut.  Notably, Hartsoe's deposition transcript and photographs were not

---

[7] On the first page of his supplemental report, Dr. Benedict states that further analysis was required in light of "conflicting testimony of Mr. Hartsoe, Mr. White and Ms. Watkins with respect to the timing of events and when photographs were taken of the various parts of the perimeter guarding and interlock system components."

delivered to plaintiff until June 1st, 2015—the deadline for plaintiff's expert designations. Therefore, the court finds that the second factor weighs in favor of plaintiff.

The third factor is the prejudice to defendant. Defendant argues that permitting the supplemental report could result in additional delays, which, in turn, could result in a trial continuance. The possibility of protracted litigation, therefore, is the only prejudice cited by the defendant. However, defendant fails to state whether it will need additional time to respond to the supplemental report, such as the need to retain another expert to rebut the supplemental opinions, etc. Consequently, the court finds that factor three favors the plaintiff.

Last, the court must determine whether the prejudice to defendant, if any, can be cured by a continuance. From the defendant's motion, however, the court is unable to discern whether defendant will be prejudiced by the supplemental report. Although it alludes to it causing possible delays in the future, the thrust of defendant's argument is that the supplemental report should be stricken to discourage noncompliance with case management orders. However, plaintiff states that neither party believes a continuance will be required and argues that defendant's allegations of prejudice are purely speculative. Because there appears to be no actual prejudice to the defendant, which diminishes the probability of needing a continuance in the future, the court finds that factor four weighs in plaintiff's favor.

## IV. CONCLUSION

Having considered the matter in light of *Betzel*, the court holds that the factors articulated therein weigh heavily against defendant's motion to strike. Notably, the pleadings show the tardiness of Dr. Benedict's supplemental report, at least to some extent, may be attributable to conduct on the part of the defendant. Moreover, the additional information bears on a key issue in the underlying action, i.e., the most likely point of access to the machine causing plaintiff's

injuries. Lastly, the court is not persuaded that defendant will be prejudiced by the supplemental report.

THEREFORE, IT IS HEREBY ORDERED THAT defendant's motion to strike is denied.

SO ORDERED this, the 14th day of September, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE