IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

COURTNEY GREEN                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:13-CV-00234-SA-DAS

POLYESTER FIBERS, LLC                                                                             DEFENDANT

## MEMORANDUM OPINION

Plaintiff Courtney Green commenced this personal injury action against Defendant Polyester Fibers, LLC, alleging he sustained severe injuries on Polyester's premises as a result of its negligence. Defendant has filed a Motion for Summary Judgment [121] contending that it was Green's employer and is thus immune from liability under the Mississippi Workers' Compensation Act. After considering the motion, responses, rules, and authorities, the Court finds as follows:

*Facts and Procedural History*

On April 25, 2012, Green was temporarily assigned by his staffing agency, Snelling, LLC, to work at the Tupelo Fibers division of Polyester, a company that produces fiber batting used in the manufacture of furniture. There are varying accounts of Green's duties at Polyester. Both Green and his staffing manager, Stephanie Hunt, testified that Green was assigned to Polyester only to provide basic cleaning services, and that he was not to perform other types of work. Green testified that he stayed within these limitations, but a line operator for Polyester, Mike White, stated that Green was a member of his production crew and was training to operate a garnett machine, which processes raw polyester fiber into the rolls of fiber batting.

In any event, Plaintiff alleges that he was asked to "perform a task in, on, or around the garnett machine" and that he was severely and permanently injured when his right arm was

caught between, and pulled into, the feeder rolls of the machine. Green filed for and received workers' compensation benefits through Snelling. He additionally initiated this action against Polyester seeking to recover compensatory and punitive damages under common-law theories of "negligence and/or wantonness and/or gross negligence[.]"

Polyester initially filed a Motion to Dismiss [8] the case pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Green was its employee for purposes of the Mississippi Workers' Compensation Act, and that it was accordingly immune from common-law liability. Finding that Green's complaint did not affirmatively establish Polyester's immunity defense, the Court denied the motion. Polyester has now re-urged its claim of immunity in the pending Motion for Summary Judgment [121], arguing that no genuine issue of material fact exists such that it is entitled to judgment as a matter of law.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "set forth 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). In reviewing

the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Importantly, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Discussion and Analysis*

The Mississippi Workers' Compensation Act functions as the "exclusive remedy available to an employee who has suffered a work-related injury[,]" providing immunity to employers from common-law negligence suits. *Gallagher Bassett Servs., Inc. v. Malone*, 30 So. 3d 301, 307 (Miss. 2010) (citing MISS. CODE ANN. § 71-9-3) (other citation omitted). It is undisputed that Green's primary employer was Snelling, but two doctrines in Mississippi extend workers' compensation immunity to those other than the employee's general employer.

Under the borrowed-servant doctrine, "a servant, in general employment of one person, who is temporarily loaned to another person to do the latter's work, becomes, for the time being, the servant of the borrower, although he remains in the general employment of the lender." *Gorton v. Rance*, 52 So. 3d 351, 359 (Miss. 2011) (quoting *Jones v. James Reeves Contractors, Inc.*, 701 So. 2d 774, 778 (Miss. 1997)). The closely related dual-employee doctrine provides that "when an employee is engaged in the service of two (2) employers in relation to the same act (dual employment), both employers are exempt from common[-]law liability, although only one of them has actually provided work[ers'] compensation insurance." *Turner v. Entergy Miss. Inc.*, 139 So. 3d 115, 117 (Miss. Ct. App. 2014) (quoting *Ray v. Babcock & Wilcox Co.*, 388 So. 2d 166, 167 (Miss. 1980)) (alterations in original).

Mississippi Courts have applied both the borrowed-servant and dual-employee doctrines in the context of temporary staffing agency assignments. *See N. Elec. Co. v. Phillips*, 660 So. 2d 1278, 1281, 1282 (Miss. 1995) (finding temporary employee to be a borrowed servant, but noting that "one may be employed by more than one employer and both employers gain immunity from common law negligence actions"); *Turner*, 139 So. 3d at 117 (holding that plaintiff was "properly classified as a dual employee" of both his temporary staffing agency and the company whose work he performed). As relevant to this opinion, the only necessary question under either doctrine is whether, at the time of the injury, Green was Polyester's employee and therefore precluded from pursuing this action.

Generally speaking, Mississippi courts have "identified three criteria" to guide this inquiry: "(1) whose work is being performed, (2) who controls or has the right to control the workman as to the work being performed, and (3) has the workman voluntarily accepted the special employment." *Baldwin v. Kelly Servs., Inc.*, 121 So.3d 275, 277 (Miss. Ct. App. 2013) (quoting *Gorton*, 52 So.3d at 359) (internal quotation marks omitted). Yet, as here, when a staffing agency assigns a worker to a company on a temporary basis, the Mississippi Supreme Court has afforded the practice "its own separate category" in determining whether the plaintiff's exclusive remedy is through workers' compensation. 11 JOHN R. BRADLEY, LINDA A. THOMPSON, MISSISSIPPI WORKERS' COMPENSATION LAW § 28 (2015 ed.). As explained in this context, the company where the temporary employee has been assigned is entitled to workers' compensation immunity and summary judgment where the assigned employee "performs the normal work of the second employer and is controlled and supervised by that employer." *Phillips*, 660 So. 2d at 1282.

The critical inquiry here is, therefore, whether Green was subject to the control and supervision of Polyester while performing work on its premises. *See id.*; *see also Patton-Tully*

4

*Transp. Co. v. Douglas*, 761 So. 2d 835, 840 (Miss. 2000) (citations omitted) (noting in Longshore and Harbor Workers' Compensation Act case that "right of control . . . is the determinative factor in ascertaining whether an employment relationship is that of master-servant . . . . [and] is perhaps the most universally accepted standard for establishing an employer-employee relationship . . . .").

Green testified that Polyester had no control over his work and that he would look to Snelling to determine how to perform his work, the type of tasks he would be doing, when he should arrive, and where he was to work. He explained that if he had any questions about safety while at the Polyester facility, these would be directed to Snelling. Though acknowledging that a Polyester employee would, once a day, direct him to the areas within the plant that he was supposed to clean, Green testified that he received no further instruction from either Polyester or Snelling on how the cleaning should be performed.

There is also evidence that Snelling narrowly restricted the scope of the work Green would perform. Green testified that he was to do basic cleanup only, and that if a Polyester employee asked him to do something else, he was to bring this to Snelling's attention. This is corroborated by the Snelling employee handbook signed by Green, which states:

> Your Staffing Manager has provided you with detailed descriptions of your expected job duties. If you are asked to perform duties other than described, contact your Snelling Staffing Manager immediately.

Consistent with Green's testimony and the handbook, Stephanie Hunt, the Snelling staffing manager, testified that if Polyester wanted Green to perform a task other than cleanup, it had to ask her first, and she had "to get written permission[.]"

Notably, Green alleged in his complaint that at the time of the injury, he was performing a task on and around a garnett machine at Polyester's request. It is likewise undisputed that Polyester owned and controlled the premises where Green's injury occurred. But as the Court

explained at the motion to dismiss stage, control of the premises does not equate to control of the worker, *see McSwain v. Sys. Energy Res., Inc.*, 97 So. 3d 102, 107 (holding that a carpenter working temporarily at a company's nuclear power plant was not the company's employee), and directions can be viewed as "in the nature of cooperation and not subordination[.]" *Jones*, 701 So. 2d at 781-82 (holding that a worker receiving instructions about digging a hole was not controlled by one giving instructions). Given Green's repeated denial that Polyester had any control over the manner of his work, as well as the limitations placed on Green's assignment by Snelling, the Court finds that whether Green was subject to Polyester's control and supervision over the work being performed presents a genuine factual dispute.

Importantly, the outstanding questions surrounding Polyester's control over Green distinguish the facts here from two cited cases in which temporary workers were held to be employees of the company to which they were assigned, *Northern Electric Company v. Phillips*, 660 So. 2d 1278, 1282 (Miss. 1995), and *Baldwin v. Kelly Services*, 121 So. 3d 275, 278 (Miss. Ct. App. 2013).[1] In *Phillips*, a service agreement between Kelly Services, the temporary staffing agency and Northern Electric, the temporary employer, stated that the plaintiff, who assisted with maintenance and other assigned tasks, would be subject to the control and discretion of the company. 600 So. 2d at 1279-80. The evidence also revealed that the plaintiff received work assignments and supervision from employees of his temporary employer. *Id.* at 1282. Similarly in *Baldwin*, the temporary employee had worked for the temporary employer for an entire year, where he had received instruction on a daily basis and training on operating a forklift. 121 So. 3d at 277.

---

[1] A third case cited by Polyester, *Turner v. Entergy Mississippi, Inc.*, 139 So. 3d 115 (Miss. Ct. App. 2014), involved no factual analysis of the existence of control and is therefore of little help to the Court.

On the other hand, as stated above, there is testimony here that Polyester had no discretion over the type of work Green would perform and was required to receive permission from Snelling before it could assign Green to a different task. *See Russell v. Orr*, 700 So. 2d 619, 625 (Miss. 1997) ("[*Phillips*] can be distinguished from the instant case because Kelly Services clearly intended its employees to be controlled and directed by Northern Electric Company."). Additionally, Plaintiff testified that he was provided his work assignments by Snelling, and that Polyester employees merely directed him to specific areas for his cleaning. Thus, unlike with the temporary employers in *Phillips* and *Baldwin*, there is a legitimate factual dispute as to whether Polyester possessed the control or supervision over Green necessary to be considered his employer and glean workers' compensation immunity. *See Patton-Tully*, 839 So. 2d at 839 (citing *Guadet v. Exxon Corp.*, 562 F.2d 351, 358 (5th Cir. 1977)) ("[A] dispute over whether one is a borrowed servant could still exist although all the facts were stipulated, for it concerns not only the facts themselves but the implications to be drawn from the facts."). The Court accordingly finds summary judgment to be unwarranted.

*Conclusion*

For the foregoing reasons, Defendant's Motion for Summary Judgment [121] is DENIED. There is a genuine dispute of material fact as to the existence and level of Polyester's control over Green's work at the time of the injury. Whether Green was Polyester's employee, and is therefore precluded from recovery here, is a question to be resolved by the jury.

SO ORDERED, this 24th day of September, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**