IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

COURTNEY GREEN                                                                           PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:13-CV-00234-SA-DAS

POLYESTER FIBERS, LLC                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Courtney Green commenced this personal injury action against Defendant Polyester Fibers, LLC, alleging that he sustained severe injuries on Defendant's premises as a result of its negligence. Before the Court now are two motions for summary judgment [123, 125]. After considering the motions, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

In Spring 2012, a temporary staffing agency, Snelling, LLC, assigned Plaintiff to work at Defendant's Tupelo, Mississippi division, which produces fiber batting used in the manufacture of furniture. There is conflicting testimony about Plaintiff's duties on Defendant's premises. By one account, Plaintiff provided only basic cleanup services at the plant. By another, Plaintiff was a member of a production crew and was training to operate a garnett machine, which processes raw polyester fiber into the rolls of fiber batting.

On April 25, 2012, Plaintiff entered past a tall, yellow guard surrounding the perimeter of a garnett machine, apparently attempting to clean fiber located underneath the machine. Plaintiff became caught in the "in-running nip point" between the "lickerin" cylinder and the "main breaker" cylinder of the machine. There are incomplete and contradicted versions of why Plaintiff traveled past the yellow guard and whether the machine was operating when he did so. Regardless, Plaintiff suffered significant injury and has initiated this action to recover

compensatory and punitive damages. He alleges "negligence and/or wantoness and/or gross negligence[.]"

Defendant makes three arguments in the pending motions for summary judgment.[1] First, it contends that, as a matter of law, Plaintiff negligently contributed to his own injuries, and that his recovery should be offset by a percentage to be determined by the jury. Second, Defendant contends that Plaintiff's claims are completely barred by a Mississippi statute that prevents independent contractors and their employees from recovering under certain circumstances. Third, Defendant argues that Plaintiff's claim for punitive damages is not supported by the evidence. The Court considers each issue in turn.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "set forth 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). In reviewing

---

[1] In a previous Motion for Summary Judgment [121], Defendant claimed that Plaintiff was its employee and sought immunity under the Mississippi Workers' Compensation statute. The Court found a genuine issue of material fact on that issue, and denied the motion.

the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Importantly, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Discussion and Analysis*

Contributory Negligence of Plaintiff

Damages for personal injuries under Mississippi law "shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured" when the Defendant establishes that the Plaintiff is "guilty of contributory negligence." MISS. CODE ANN. § 11-7-15. Contributory negligence functions as an "affirmative defense and the burden of proving it is upon the defendant." *Johnson v. Howell*, 56 So. 2d 491, 492 (Miss. 1952); *Chickaway v. United States*, 4:11-CV-22-CWR, 2012 WL 2222848, at *2 (S.D. Miss. June 14, 2012). Negligence, as defined by Mississippi courts, is "doing what a reasonable, prudent person would not do, or failing to do what a reasonable, prudent person would do, under substantially similar circumstances." *West v. Drury Co.*, 412 F. App'x 663, 667 (5th Cir. 2011) (quoting *Glover ex rel. Glover v. Jackson State Univ.*, 968 So. 2d 1267, 1276-77 (Miss. 2007)).

There is little dispute that Plaintiff voluntarily moved past the yellow perimeter guard into the area around the garnett machine. Although there were no bystanders witnessing the injury, and although Plaintiff cannot remember the details of the incident, the various experts generally agree that Plaintiff crawled under the guard, climbed over the guard, or traveled

3

through a hole in the guard. Aside from this fact, however, the circumstances surrounding Plaintiff's injury are less than clear.

A primary point of contention in this regard is whether Plaintiff was instructed to clean the garnett machine by Mike White, one of Polyester's line operators. White testified in his deposition that he never instructed Plaintiff to clean the subject garnett machine. In contradiction, one of Defendant's experts, Eugenia Kennedy, stated that White "was asking [Plaintiff] . . . to clean under the Garnett . . . machine."[2]

In any event, Defendant argues that Plaintiff was prohibited from entering inside the guard to clean the machine. It contends that Plaintiff should have instead remained outside the guard and used a hose or "wand" to blow the fiber out from under the machine. Plaintiff testified, however, that he received no instruction from Defendant on how to perform the cleaning. And according to various sources, Defendant provided no training to Plaintiff on lockout/tagout procedures associated with servicing and maintenance of the garnett machine. Plaintiff also explained that per Snelling's directions, he was not "supposed to touch the air hose . . . [he was] just supposed to just keep that broom in [his] hand."

It is similarly unclear whether the subject garnett machine was operating at the time Plaintiff entered past the perimeter guard. According to White, he turned off the feeder rolls of the machine, but the machine was still operating. The medical records, on the other hand, indicate that the machine was not operating until after Plaintiff began cleaning the machine.[3] For example, the nurse's note lists Plaintiff's chief complaint as "cleaning of polyester back/foam machine at a factory and machine turned on[.]" Similarly, the history of present illness,

---

[2] Kennedy testified that she formed this understanding during a conversation with White.
[3] Defendant has not objected to the admissibility of these records for summary judgment purposes.

documented by Dr. Wesley Woods, states that Plaintiff "was working at a local plant cleaning out a polyester machine when it turned on . . . ."

Therefore, at a minimum, the record contains factual questions of whether Plaintiff (a) was instructed to clean the subject machine, (b) had been told not to pass the perimeter guard, (c) received instruction about using the "wand" to clean under the machine, and (d) entered the protected area while the machine was already running.

The Fifth Circuit has cautioned that "[s]ummary judgment is ordinarily (but not always) inappropriate when the issue involves negligence or contributory negligence." *Matthews v. Ashland Chem., Inc.*, 703 F.2d 921, 925 (5th Cir. 1983) (quoting 10A Charles A. Wright et al., *Federal Practice and Procedure*, § 2729). That is, "even when there is no dispute as to the facts, it is usually for the jury to decide whether the conduct in question meets the reasonable man standard." *Id.* Thus here, where there *is* significant dispute over the facts relevant to Plaintiff's conduct, the Court finds summary judgment to be unwarranted.

Independent Contractor Defense

The Court previously found that Plaintiff's status as Defendant's employee is a factual question for the jury to resolve. Defendant argues that if Plaintiff is not Defendant's employee, then he was necessarily an employee of its independent contractor, Snelling. Plaintiff has not disputed this classification for summary judgment purposes.

Thus, Plaintiff may face an additional potential bar to recovery found in Mississippi Code Section 11-1-66. This statute prevents an "owner, occupant, lessee or managing agent of property" from being liable for personal injuries of "an independent contractor or the

independent contractor's employees resulting from dangers of which the contractor knew or reasonably should have known."[4] MISS. CODE ANN. § 11-1-66.

The application of Section 11-1-66 becomes somewhat unclear when the alleged independent contractor, here Snelling, assigns its employee to the worksite. Under one reading of the statute, immunity would exist only if Snelling knew or should have known of the dangers at hand, regardless of Plaintiff's knowledge. After all, the statute specifies that an "independent contractor" or the "independent contractor's employees" are barred from recovering, but only if the "contractor" knew or should have known of the injury-producing danger. *Id.*; *see also Johnson v. Wal-Mart Stores East, LP*, 3:12-CV-21-CWR, 2013 WL 395975, at *3 (S.D. Miss. Jan. 31, 2013) (focusing on the independent contracting company's knowledge and not that of the employee performing the work). Under a different reading, the term "contractor" could be a general reference to the independent contracting company *and* its injured employee, and knowledge of the danger by either would be sufficient to trigger the liability bar. *See McSwain v. System Energy Resources, Inc.*, 97 So. 3d 102, 109 (Miss. Ct. App. 2012) (analyzing mental state of both the contracting company and its employees).

The Mississippi Court of Appeals apparently resolved this issue in *McSwain* by finding that both the company "and its employees were independent contractors" for purposes of the statute. *Id*. Thus, it appears that the knowledge-of-danger requirement in Section 11-1-66 will be satisfied with reference to that which either Snelling or Plaintiff knew or should have known. Furthermore, even if the proper inquiry under the statute only concerns Snelling's mental state,

---

[4] By addressing the raised defense, the Court does not necessarily conclude that it applies in this case. *See Reed v. D & D Drilling & Exploration, Inc.*, 27 So. 3d 414, 415-16 (Miss. Ct. App. 2009) (finding that allegations of active negligence on the premises did not give rise to a "premises liability case," and holding the "knowledge of the danger doctrine" to be inapplicable); *see also Presswood v. Cook*, 658 So. 2d 859, 862 (Miss. 1995) (quoting *Hoffman v. Planters Gin Co., Inc.*, 358 So. 2d 1008, 1012-13 (Miss. 1978)) ("[A]ction or inaction by the possessor (of the land) with knowledge of an individual's presence in an operation of some device is a question of negligence.").

Plaintiff's mental state would likely still prove relevant, as it could be imputed to Snelling through general agency principals. *See* Restatement (Third) of Agency § 5.03; *see also Whalen v. Bistes*, 45 So. 3d 290, 293 (Miss. 2010) (citing *Pittman v. Home Indem. Co.*, 411 So. 2d 87, 89 (Miss. 1982)) ("Under traditional agency law, knowledge and information acquired by an agent transacting the principal's business is imputed to the principal, even if not communicated by the agent to the principal.").

As to Snelling, there is little evidence that it knew or should have known of the danger the garnett machine presented to Plaintiff. Snelling's staffing manager, Stephanie Hunt, testified that Defendant never informed her that Plaintiff would be cleaning machinery. To assign an employee to clean machines, Hunt explained, she would have to follow additional procedures that did not exist for a "basic cleanup" assignment. When asked whether she was aware that Plaintiff would be "cleaning underneath machines[,]" Hunt responded "absolutely not."

Attempting to demonstrate that Plaintiff appreciated the danger, Defendant relies on Plaintiff's testimony. At his deposition, Plaintiff agreed that "it doesn't make sense" why someone would move past the yellow guard toward the garnett machine. And when asked whether "anybody in their right mind would try to climb up and around that guard to get in the machine," Plaintiff responded "[w]hy would they go up there for?" There was also a warning sign located on the yellow perimeter guard, which stated "[d]anger before cleaning up repairs or pre-op, make sure you lockout and tag out machinery." When asked about this sign, Plaintiff stated "[i]f you seen the danger sign. I'm pretty sure you wouldn't go by it."

Importantly though, Plaintiff's comments all appear in the present tense. That is, a jury could view them as relating to the risk as Plaintiff perceived it during the deposition, not as he perceived it on the day of the accident. Indeed, Plaintiff testified to having little to no

7

recollection of the events immediately prior to his injury. While his after-the-fact comments may be relevant, they do not establish as a matter of law that he knew or should have known of the danger at the time of the accident. This is especially true, given the dispute as to whether the machine was running at the time Plaintiff approached the machine, the testimony by Plaintiff that he received no instruction on how he should perform the cleaning, and the evidence that Plaintiff never received safety training on lockout/tagout procedures.

For the foregoing reasons, the Court finds factual questions as to whether Plaintiff and/or Snelling knew or reasonably should have known of the danger causing his injury. Accordingly, Defendant is not entitled to summary judgment on the basis of Section 11-1-66.

Punitive Damages

Under Mississippi law, "the trial court is the gatekeeper for the issue of whether punitive damages . . . should be submitted and considered by the jury." *Franklin Corp. v. Tedford*, 18 So. 3d 215, 240-41 (Miss. 2009) (citations and quotations omitted). The "law does not favor punitive damages; they are considered an extraordinary remedy and are allowed 'with caution and within narrow limits.'" *Warren v. Derivaux*, 996 So. 2d 729, 738 (Miss. 2008) (quoting *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So. 2d 620, 622 (Miss. 1988)).

Punitive damages may not be awarded unless the Plaintiff comes forth with "clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." MISS. CODE. ANN. § 11-1-65(1)(a). The types of conduct giving rise to punitive damages "import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others." *Bradfield v. Schwartz*, 936 So. 2d 931, 936 (Miss. 2006) (quoting *Summers ex rel. Dawson v. St. Andrew's*

*Episcopal Sch., Inc.*, 759 So. 2d 1203, 1215 (Miss. 2000)). The decision of whether to submit the issue of punitive damages to the jury is made viewing "the totality of the circumstances and in light of defendant's aggregate conduct . . . ." *Causey v. Sanders*, 998 So. 2d 393, 408 (Miss. 2008) (quoting *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 442 (Miss. 1999)).

Plaintiff has neither cited nor attached any evidence demonstrating that Defendant acted with malice, is guilty of gross negligence, or committed fraud. Instead, to avoid summary judgment on his punitive damages claim, Plaintiff contends that, for three reasons, granting summary judgment would be procedurally inappropriate.

Plaintiff first argues that Defendant has failed to meet its own summary judgment burden. *See* FED. R. CIV. P. 56. Under what is often called the *Celotex* burden, Defendant is tasked with "informing the court of the basis for its motion and identifying the pleadings and other record evidence which it believe[s] demonstrate[] the absence of a genuine issue of material fact." *Russ v. Int'l Paper Co.*, 943 F.2d 589, 592 (5th Cir. 1991) (quoting *Celotex*, 477 U.S. at 323, 106 S. Ct. 2552). If Defendant is unable to satisfy this initial burden, Plaintiff is excused from producing evidence opposing the motion for summary judgment. *Id.* Defendant is not, however, "required to present evidence proving the absence of a material fact issue . . . ." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 544 (5th Cir. 2005) (quoting *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Rather, Defendant may discharge its *Celotex* "burden by simply 'pointing to an absence of evidence to support [its] case.'" *Id.*

In Defendant's motion and accompanying memorandum, it asserts that "Plaintiff has provided no evidence of actual malice, gross negligence, or fraud," and "Plaintiff cannot make any showing of evidence supporting a claim for punitive damages." Defendant further cites several of Plaintiff's discovery responses and his deposition testimony, which fail to identify any

9

egregious conduct attributable to Defendant. These assertions and cited record excerpts constitute an even greater *Celotex* showing than is required under Fifth Circuit precedent. *See id.* ("[Defendant] met this burden by asserting . . . that [Plaintiff] could not prove that [Defendant] had breached a duty that it owed to him, and claiming that there 'is an absence of evidence to support [Plaintiff's] claims . . . ."). Thus, the Court finds that Defendant has met its initial summary judgment burden, and that Plaintiff was required to present evidence in support of its punitive damages claim.

Plaintiff next argues that punitive damages calculations are inherently vague, and he should not be penalized at the summary judgment stage for failing to come forth with exact calculations. This argument misconstrues the basis for Defendant's motion. To avoid summary judgment, Plaintiff is not required to produce evidence of the measure of punitive damages. Rather, he must demonstrate an issue of material fact as to whether Defendant's conduct evinced malice, gross negligence, or fraud. *See, e.g.*, *Cameron v. Werner Enters., Inc.*, 2:13-CV-243-KS, 2015 WL 4393068, at *3 (S.D. Miss. July 15, 2015). This, Plaintiff has not done.

Finally, Plaintiff requests the Court to pass on the punitive damages issue until after the liability phase of trial. The Court undoubtedly possesses the discretion to do so. *Veillon v. Exploration Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989) ("A district judge has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden . . . if the judge has doubt as to the wisdom of terminating the case before a full trial."). Yet, federal courts in Mississippi routinely grant summary judgment on punitive damages claims when the plaintiff fails to substantiate the claim with adequate evidence. *E.g.*, *Cameron*, 2015 WL 4393068, at *3; *Littlejohn v. Werner Enters.*, *Inc.*, 1:14-CV-44-SA, 2015 WL 3868092, at *4 (N.D. Miss. June 23, 2015). Moreover, the United States Supreme Court has emphasized the importance of

granting summary judgment where appropriate in order to "secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327, 106 S. Ct. 2548 (quoting FED. R. CIV. P. 1). Given the absence of evidence that Defendant acted willfully, grossly negligently, or fraudulently, the Court finds summary judgment appropriate on Plaintiff's punitive damages claim.

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment [123] is DENIED, and its Motion for Summary Judgment [125] is GRANTED. There is a genuine dispute of material fact as to whether Plaintiff was negligent in contributing to his own injuries, and whether Plaintiff is precluded from recovery under Mississippi Code Section 11-1-66. Plaintiff has failed, however, to bring forth evidence in support of his claim for punitive damages, and it is therefore dismissed. All other claims remain. A separate order to that effect shall issue this day.

SO ORDERED, this 9th day of October, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**