IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

COURTNEY GREEN                                                              PLAINTIFF

V.                                                  CIVIL ACTION NO. 1:13-CV-00234-SA-DAS

POLYESTER FIBERS, LLC                                                      DEFENDANT

ORDER

Before the Court now is Plaintiff's Motion to Strike [229] the Court's Memorandum

Opinion [197], which partially excluded the testimony of Dr. Ronald Missun. Dr. Missun

proposed to testify about Plaintiff's lost compensation by utilizing the "total offset" method. The

Court held this method to be incompatible with Mississippi law, and precluded his testimony on

Plaintiff's lost compensation.

At trial, during *voir dire* with regard to another of Dr. Missun's opinions, his "medical

cost care summary," and outside the jury's presence, Plaintiff's counsel and Dr. Missun

expressed their disagreement with the Court's earlier ruling. Dr. Missun was particularly

concerned about the effect of the Court's decision on future challenges to his credentials.

Although the excluded portion ultimately proved irrelevant to the *voir dire* and to the trial

outcome, the Court advised that Plaintiff's counsel was free to file a motion to strike. The Court

has reconsidered its position in light of Dr. Missun's report, his trial testimony, and the relevant

authorities, and finds as follows:

*Discussion and Analysis*

In this diversity case, Mississippi law governs the method for calculating a lost future

earnings stream. *See Lucas v. United States*, 807 F.2d 414, 422 (5th Cir. 1986). The appropriate

procedure, as prescribed by the Mississippi Supreme Court, is to (1) calculate the lost income

stream, (2) compute the total damage, and (3) discount that amount to present value." *Rebelwood Apartments RP, LP v. English*, 48 So.3d 483, 496 (Miss. 2010) (citing *Culver v. Slater Boat Co.*, 722 F.2d 114, 121 (5th Cir. 1983)).[1] In computing the lost income stream, it is permissible to take account of projected increases in compensation, so long as there is "a colorable factual predicate upon which [the expert] might base his opinion." *Id.* (quoting *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1165 (Miss. 1992)).

Through Dr. Missun's total offset method, Plaintiff's rate of projected compensation increase[2] is set equal to the present value discount rate, resulting in a relatively simple calculation that multiple economists have praised as highly accurate. Missun's Report, at 33-34 [127-3]. The jury is simply asked to calculate the projected lost income stream based on earnings at the time of injury. Missun's Report, at 33, 44-48 [127-3]. A separate discount calculation is not required.

It is clear, however, that Mississippi law requires that lost compensation be discounted to present value. In *Jesco v. Whitehead*, 451 So. 2d 706, 710 (Miss. 1984), the Mississippi Supreme Court reversed a trial court for failing to inform the jury that a lost future-earnings award should be discounted to present value. And in *Culver*, a case cited approvingly by the Mississippi Supreme Court, the Fifth Circuit held that awards must be reduced with an appropriate below-market discount rate. 722 F.2d at 122.

---

[1] *Culver*, which arose under federal law, has come into question in light of a 1988 United States Supreme Court opinion. *Ageloff v. Delta Airlines Inc.*, 860 F.2d 379, 389 n.38 (11th Cir. 1988) (citing *Monessen Southwester Ry. Co. v. Morgan*, 486 U.S. 330, 342, 108 S. Ct. 1837, 100 L. Ed. 2d 349 (1988)). But given that Mississippi law controls here, and because *Rebelwood* endorsed the *Culver* methodology in 2010, *Culver* imports significantly into this Court's analysis. *Rebelwood*, 48 So. 3d at 496.

[2] In its earlier opinion, the Court used "inflation" to mean compensation increases, as opposed to consumer price increases. *See* Cambridge Business English Dictionary 915 (defining "wage inflation" as "the general increase in the amount people earn over time"). For precision, the Court will limit its discussion of inflation in this order to *price* inflation.

Plaintiff's counsel argues that Dr. Missun's theory complies with *Jesco* and *Culver* because he, in fact, discounts the award to present value using a below-market discount rate. It happens that the discount rate is always equal to the growth rate, thus simplifying the required calculation. Though this reasoning may or may not be economically valid, the *Culver* Court believed that the total offset method "neither discounts the award nor adjusts it for inflation." *Id.* at 118. The Mississippi Supreme Court likewise viewed this method as inconsistent with the requirement to discount to present value. *Jesco*, 451 So. 2d 706.

Indeed, *Jesco* and *Culver* repudiate Dr. Missun's theory in even clearer terms. In *Jesco*, the appellee cited a Pennsylvania case, arguing that the present value instruction failed to account for price inflation in compensation growth. *Id.* The Mississippi Supreme Court dismissed this argument, and noted the Pennsylvania case was not binding in this state. *Id.* That Court did not include a citation to the Pennsylvania case, but at the time, Pennsylvania law forbade courts from discounting lost future earnings and required them to apply the total offset method. *Kackowski v. Bolubasz*, 421 A.2d 1027, 1038-39 (Penn. 1980).

*Culver* likewise rejected Dr. Missun's method. According to that Court, the total offset method analyzed future compensation increases by "including the effects of future price inflation . . . ." *Culver*, 722 F.2d at 118. It held that this was not allowed: the jury should only consider compensation increases "as a result of all factors *other than inflation*." *Id.* at 119, 122 (emphasis added). Thus, as the Fifth Circuit would later explain, *Culver* "rejected the total-offset approach in cases applying substantive federal law." *Lucas*, 807 F.2d at 22.

It is unclear whether Dr. Missun includes price inflation to elevate projected compensation increases as *Culver* clearly prohibits, or whether he uses it to decrease the discount

rate.[3] In either case, the effect of his method is the same—growth in the award for projected compensation increases is set equal to, and totally offsets, the selected discount rate. In its opinion in *Jesco*, and through its approval of *Culver*, the Mississippi Supreme Court rejected this approach.

As a matter of Mississippi substantive law, Dr. Missun's lost compensation forecast was properly excluded. Plaintiff's Motion to Strike [229] is DENIED.

SO ORDERED, this 20th day of May, 2016.

/s/ **Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**

---

[3] For example, with regard to his medical cost care summary, Dr. Missun projected that required compensation of medical workers would increase by 4.8% (increased for inflation), subject to a 4.8% discount rate (unaffected by inflation). In contrast, Dr. Missun later testified that he calculated Plaintiff's compensation by setting the growth rate (unaffected by inflation) equal to the discount rate of 1.1% (decreased for inflation). Further confusing the matter, Dr. Missun does not settle on a particular growth rate or discount rate in his report on Plaintiff's compensation. He simply explains why the two rates should be the same.